120 N.J. Super. 518 (1972)
295 A.2d 207
MARIA PERAGLIA, PLAINTIFF-RESPONDENT,
v.
ROBERT C. JONES, JR., DEFENDANT-APPELLANT, AND LUCY POLLOTTA AND MARIE J. BENZING, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 11, 1972.
Decided September 25, 1972.
*519 Before Judges GAULKIN, LORA and ALLCORN.
Messrs. Zucker, Lowenstein, Gurny and Zucker, attorneys for Robert C. Jones, Jr. and Unsatisfied Claim and Judgment Fund (Mr. Milton Gurny, on the brief).
Messrs. Moser, Roveto and McGough, attorneys for Lucy Pollotta and Aetna Casualty & Surety Company (Mr. George P. Moser, Jr., on the brief).
PER CURIAM.
Maria Peraglia sued for personal injuries sustained while a passenger in an automobile owned and operated by Lucy Pollotta when it collided with two other automobiles. Robert C. Jones, Jr., operator of one of the other vehicles, was an uninsured motorist at the time of the accident and is here represented by counsel supplied by the Unsatisfied Claim and Judgment Fund. It was agreed by all parties that a judgment would be entered in favor of plaintiff Peraglia against defendant Jones in the sum of $10,000 and in favor of all other defendants after the trial of the insurance coverage issue.
On the date of the accident (December 6, 1969) Lucy Pollotta was covered by an automobile liability insurance policy, issued by Aetna Casualty & Surety Company, which did not contain uninsured motorists' coverage. Such coverage was not specifically offered to the insured with the policy.
The policy was prepared by Aetna on January 31, 1969, was mailed to a local agent in the beginning of February 1969, and was then mailed to Lucy Pollotta before April 2, 1969 and approximately four to six weeks prior to the effective date of the policy, which was April 16, 1969.
*520 Ms. Pollotta paid an initial payment of $20 toward the total premium of $84 on April 8th, six days after the effective date of N.J.S.A. 17:28-1.1 and 1.2 (approved January 2, 1969, effective April 2, 1969) which required insurance companies to offer uninsured motorists' coverage before delivering or issuing for delivery an automobile liability policy in New Jersey, and to obtain a written election from the named insured either rejecting or accepting such offer.
The issue as to whether or not the policy should have contained uninsured motorists' coverage or at least whether such coverage should have been offered to the insured with the policy was tried as a declaratory judgment action and the trial judge ruled the policy be deemed not to include uninsured motorists' coverage.
The Unsatisfied Claim and Judgment Fund, on behalf of the defendant Jones, argues that N.J.S.A. 17:28-1.1 is a remedial statute which should be liberally construed to achieve the purpose for which it was enacted, and that this court should hold that any policy issued or delivered after January 2, 1969 to be effective after April 2, 1969 required insurance carriers to offer uninsured motorists' coverage.
Aetna contends the statute applies only to policies "delivered or issued for delivery" after April 2, 1969, the effective date of the act.
The trial judge concluded the amendments "not only literally bespeak futurity, but also fail to reveal any underlying intentions of retroactivity" and should be accorded prospective effect only. We agree with this general proposition. But, under the facts of this case, there is no retroactivity in affording Lucy Pollotta uninsured motorists' coverage. Her policy was a renewal of a prior policy to be effective April 16, 1969. The statute was approved January 2, 1969, effective after April 2, 1969. Cf. Hannan v. Employers Commercial Union Ins. Co., 117 N.J. Super. 485 (Law Div. 1971).
*521 We conclude that N.J.S.A. 17:28-1.1 imposed upon all insurers the obligation of offering uninsured motorists' coverage where a policy was issued or delivered after January 2, 1969 to be effective after April 2, 1969. Accordingly, the policy issued by Aetna is deemed amended to include such coverage, subject, of course, to the payment of the additional premium for the extended coverage.
Reversed and remanded for entry of judgment in accordance with this opinion.