122 N.J. Super. 438 (1973)
300 A.2d 611
MARTIN KEARNY, AN INFANT BY HIS GUARDIAN AD LITEM, WILLIAM KEARNY AND WILLIAM KEARNY, INDIVIDUALLY, PLAINTIFFS,
v.
CHEMICAL LEAMAN LINES CO., INC., AND RONALD M. HEYMANN, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES, DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 26, 1973.
*440 Mr. J. Lance Lintner for plaintiffs (Messrs. Graham, Yurasko, Golden & Lintner, attorneys).
Mr. Michael B. Oropollo for defendant Chemical Leaman Lines Co., Inc. (Messrs. Cohen, Hoagland, Cohen & Keefe, attorneys).
Mr. Philip Blacher for the Director.
GEROFSKY, A.J.S.C.
This case arises out of an automobile accident in which plaintiff Martin Kearny, an infant, was injured while operating a vehicle owned by his father. The facts are not in dispute and bring before the court a legal issue which is novel to this jurisdiction. The legal issue to be decided is: Can an insurer, having voluntarily made payment to its insured under an Uninsured Motorist Endorsement, bring suit against the owner of an insured motor vehicle?
The undisputed facts are that Martin Kearny was injured as a result of the negligence of a "hit and run" tractor-trailer. The Kearny vehicle and the tractor-trailer were the only two vehicles involved in the accident. There has been no positive identification of the tractor-trailer involved although Martin Kearny's complaint alleged it to be a vehicle owned and operated by Chemical Leaman Lines Co., Inc. (Chemical). As a result of the accident suit was instituted on June 30, 1970 on behalf of the infant Martin Kearny, against defendants Chemical and Ronald M. Heymann, Director of Motor Vehicles for the State of New Jersey (Director). In addition, attorneys for Martin Kearny also notified State Farm Mutual Automobile Insurance Company (State Farm) of a claim under the policy covering the Kearny vehicle. The policy covering the Kearny vehicle did not provide uninsured motorist coverage and no election rejecting the coverage was made by the insured. N.J.S.A. 17:28-1.1 et seq. By failing to comply with the statutory sections, State Farm is deemed to have provided uninsured *441 motorist coverage. Peraglia v. Jones, 120 N.J. Super. 518 (App. Div. 1972); Hannan v. Employers Commercial Union Insurance Co., 117 N.J. Super. 485 (Law Div. 1971).
In July 1972, with full knowledge of the allegations in the Kearny complaint, and with ample opportunity to investigate the facts, State Farm settled the matter with Kearny under its uninsured motorist coverage upon the payment of $3,500 to Kearny, and a substitution of attorney was forwarded from Kearny's attorneys to attorneys selected by State Farm. Chemical's attorneys were not made aware of the settlement. Without knowledge of the attorneys for State Farm, a dismissal with prejudice was entered at the calendar call. At this juncture, the real party plaintiff is State Farm and its attorneys seek an order vacating the dismissal. Counsel for Chemical, in opposing the motion, contends that State Farm is collaterally estopped from pursuing the lawsuit instituted by its insured.
Counsel agree that the order of dismissal was entered by mistake; therefore, the court vacates the order of dismissal. However, the court will treat the motion by Chemical as a motion for summary judgment. R. 4:46.
At all times pertinent to this suit Chemical was an insured by a policy issued by Aetna Life & Casualty Company, and counsel were aware of this fact.
The purpose of the Uninsured Motorist Coverage Act, N.J.S.A. 17:28-1.1 et seq., was to relieve the State of some of the burden regarding claims against the Uninsured Motorists Fund. Exum v. Marrow, 112 N.J. Super. 570 (Law Div. 1970). The Uninsured Motorist Endorsement seeks to protect an insured person from damages caused by an uninsured highway vehicle. The antithesis would be applicable to the case at bar: the Uninsured Motorist Endorsement was not intended to protect an insured person from damages caused by an insured highway vehicle.
While the precise question herein has not been answered by our courts in any prior decision, so far as I am aware, the decision in Kelleher v. Lozzi, 7 N.J. 17 (1951), is relevant. *442 Indeed, Kelleher is the nearest case in point of fact. Kelleher sued Lozzi for personal injuries and damage to her automobile sustained in an intersection collision of their respective automobiles. A previous suit had been instituted by Lozzi against Kelleher for personal injuries and Kelleher filed an answer denying liability, but no counterclaim. That suit was settled and dismissed upon Kelleher's paying Lozzi $550 for the dismissal and a release executed by Lozzi.
Lozzi moved for and was granted a judgment of dismissal because of the incidents in the former suit. On the Supreme Court's certification, the judgment of dismissal was affirmed. The court reasoned that the parties had by their settlement really made their own adjudication, and payment by the one for a release and a dismissal by the other was an acknowledgment that the one who paid was at fault, thereby estopping the payor from subsequently taking the opposite position. Moreover, by every fair expectation, the question of Lozzi's negligence as between him and Kelleher was settled in the negative by the parties inter sese.
In the present case the pleadings clearly draw the issues. The collision was one involving Chemical's tractor-trailer which was insured or an "uninsured" and unidentified tractor-trailer. Before getting into trial State Farm, by making a cash payment to its assured under its uninsured motorists coverage policy, acknowledged that Chemical was not the tortfeasor. By making its settlement on that basis, I conclude that it is estopped from taking the opposite position.
Counsel for State Farm argues that State Farm's obligation to pay was based upon contract. State Farm also argues that if it did not settle the matter, it would be bound to arbitration and would have no recourse from an arbitrator's decision.
I find no merit in these arguments. An arbitration clause does not operate to deprive a court of jurisdiction to render ancilliary, provisional or protective relief, short of adjudication *443 of arbitrable issues. Pyramid Electric Co. v. Staklinski, 61 N.J. Super. 278 (App. Div. 1960).
State Farm could have sought to join in the suit to have a determination made whether an insured or uninsured motor vehicle caused the accident, or State Farm could have moved to stay the arbitration proceedings, as was the case in Rosenbaum v. American Surety Co., 11 N.Y.2d 310, 229 N.Y.S.2d 375, 183 N.E.2d 667 (Ct. App. 1962), where the court held the arbitration agreement did not encompass the issue of whether the other motorist was uninsured and a jury trial was the proper procedure for settlement of that issue.
The conflict here could have been avoided if State Farm had required Kearny to proceed to judgment on the issue of liability. Indeed, such a procedure is exceptionally suited to the bifurcated trial plan in effect in Middlesex County. R. 4:38-2.
Accordingly, Chemical is entitled to summary judgment of dismissal.