162 N.J. Super. 521 (1978)
393 A.2d 625
MARIAN HENZE AND JEFFREY RUSSELL HENZE, PLAINTIFFS,
v.
MOTOR CLUB OF AMERICA, DEFENDANT.
Superior Court of New Jersey, District Court, Passaic County.
September 22, 1978.
*522 Mr. William Sellinger for plaintiff.
Mr. Eugene M. Mulvaney for defendant (Mr. Richard S. Leder, attorney).
MARTIN, J.S.C. (temporarily assigned).
This motion for summary judgment raises a novel question of interpretation of that provision of the New Jersey Automobile Reparation Reform Act (No-Fault Law) which requires that actions for payment of personal injury benefits be brought within two years after the covered loss or expense is incurred. N.J.S.A. 39:6A-13.1(a). The problem here presented involves the mechanics of the operation of this statute of limitations. Does a request by an insured's attorney for Personal Injury Protection (PIP) forms suspend the running of the limitation period?
The factual development of this case is as follows: On September 28, 1974 plaintiff Marian Henze was involved in an automobile accident. According to an accident report filed by plaintiff with defendant Motor Club of America on October 1, 1974, Mrs. Henze was listed as the driver of the car and as the only person injured in the accident. On the report Mrs. Henze's injuries were described with the words, "Shaken up  will see own Md. [sic]." According to defendant's affidavit, a PIP-1 form (application for benefits) was sent to Marian Henze on October 3, 1974, along with a letter requesting that Mrs. Henze complete the form and advising her that no payments would be made until "confirmation of your loss" was received by Motor Club of America. Mrs. Henze had retained counsel in October of 1974. According to her attorney's affidavit, he made numerous telephone calls and sent four letters to Motor Club of America requesting PIP forms. Counsel states that he received no response to these requests and that he never received *523 any PIP forms from defendant. The letters were sent on October 4, 1974, December 6, 1974, June 26, 1975 and September 16, 1976. The letter of October 4, 1974 states that Marian and Jeffrey Henze were hurt in the accident and contains a request for PIP forms. The letter of December 6, 1974 states that Marian and Jeffrey Henze were hurt and received medical treatment but no documentation or statement as to the expenses incurred was sent. No further reference to or details concerning injuries was contained in any of the letters. Mrs. Henze states in her affidavit that she does not remember whether or not she filled out a PIP form. It was not until January 17, 1977 that plaintiffs' attorney sent a wage and salary verification form to Motor Club of America. On January 18, 1977 counsel for plaintiffs sent his own PIP forms to Motor Club of America, claiming various medical expenses for both Mrs. Henze and her son Jeffrey as a result of the accident. These claims were rejected by Motor Club of America and counsel was so informed on March 7, 1977. The reason given for the rejection was that the PIP claim was filed too late. This lawsuit was commenced on March 28, 1978.
Defendant's motion for summary judgment is based on two grounds. The first is that the action was commenced about 3 1/2 years after plaintiffs' cause of action accrued and is thus barred by the two-year limitation imposed by N.J.S.A. 39:6A-13.1(a). Alternatively, defendant argues that plaintiffs are barred from recovery due to a breach of their obligation under the insurance policy to provide proof of their claim "as soon as practicable." Plaintiffs' position is that the statute of limitations did not begin to run until plaintiffs' claim had been rejected on March 7, 1977 and thus that the present action is timely.[1] Although not raised *524 in the affidavit in opposition to defendant's motion, plaintiffs also argued that the alleged refusal of defendant to supply PIP forms, combined with an alleged industry-wide practice of refusing to award benefits until PIP forms are submitted, results in the suspension of the limitation period for the time during which forms are withheld.
The settled rule in New Jersey is that a statute of limitations begins to run on the same date on which the right to bring a lawsuit arises. Rosenau v. New Brunswick, 51 N.J. 130, 137 (1968); Montag v. Bergen Bluestone Co., 145 N.J. Super. 140, 144 (Law Div. 1976). N.J.S.A. 39:6A-13.1(a) states that actions for benefits of the type involved in this case
* * * shall be commenced not later than two years after the injured person or survivor suffers a loss or incure an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than four years after the accident whichever is earlier. * * *
It is uncontroverted that on January 15, 1977 plaintiffs submitted medical reports for treatments received from October 7, 1974 to November 15, 1974. In addition, the wage and salary verification form submitted to Motor Club of America by Mrs. Henze indicates that she was absent from her job between September 29, 1974 and October 20, 1974 as a result of the accident. Taking these facts in their light most favorable to plaintiffs it is clear that they knew of losses and expenses resulting from the accident by November 15, 1974. The institution of this lawsuit on March 7, 1977 is clearly beyond the two-year limitation period.
Plaintiffs' additional exculpatory argument is founded upon the failure of Motor Club of America to provide them with PIP forms as requested. Accepting this allegation as *525 true, it is necessary to examine its legal significance. Certainly N.J.S.A. 39:6A-13.1(a) itself contains no support for plaintiffs' argument. There is no provision whatever for suspension of the statute's operation. Despite the legislative mandate that the No Fault Law is to be liberally construed, N.J.S.A. 39:6A-16, and that its purpose is to afford prompt payment of claims without the necessity for prolonged litigation, Hoglin v. Nationwide Mut. Ins. Co., 144 N.J. Super. 475 (App. Div. 1976); Hagains v. Government Employees Ins. Co., 150 N.J. Super. 576, 580-581 (Law Div. 1977), it is also true that statutes of limitation are designed to stimulate litigants to pursue their causes of action diligently and to spare the courts from litigation of stale claims. Farrell v. Votator Division of Chemetron Corp., 62 N.J. 111 (1973); Rosenau v. New Brunswick, 51 N.J. 130 (1968). A further justification for the existence of statutes of limitation is that of fairness to defendant. Lopez v. Swyer, 62 N.J. 267 (1973). Given the facts in this case, no amount of liberal construction can save plaintiffs' claim from being barred by the statute of limitations. Plaintiffs have delayed bringing this action for over one year past the time period provided by law. The total time elapsed since plaintiffs' knowledge of the extent of their claims and the bringing of their lawsuit approaches 3 1/2 years. This is not, therefore, a borderline case. Nor are there any allegations of ignorance, fraud, mistake or incapacity such as would toll the running of the statute. According to the forms submitted by plaintiffs themselves, it is beyond question that the extent of their claims were known to them within two months after the accident. Furthermore, it was held in Hagains v. Government Employees Ins. Co., 150 N.J. Super. 576, 583 (Law Div. 1977), that the mere sending of a bill for medical services by the insured to his carrier is sufficient to impose an absolute obligation upon the insuror to pay the bill within 30 days or to establish nonliability for payment under N.J.S.A. 39: *526 6A-5(b). Plaintiffs' allegations concerning practice in the insurance industry and the necessity for having PIP forms in order to file a claim become meaningless in the face of Hagains. Rather than continue a futile attempt to secure forms, plaintiffs could either have submitted their bills or instituted suit within the two-year limitation period.
While it is true that the No Fault Law is designed to provide for prompt payment of claims it is also true that the law provides that insurers may contest responsibility for such payments and also provides for the means by which facts concerning such responsibility may be obtained. N.J.S.A. 39:6A-5(b), 13. To adopt plaintiffs' interpretation of the statute of limitations would defeat both the policies of the limitations period and the ability of insurers to meaningfully investigate claims. It is well known that any investigation of facts concerning medical problems becomes more difficult with the passage of time.
To summarize, the court finds that plaintiffs were involved in an automobile accident on September 28, 1974 and underwent medical treatment which terminated by November 15, 1974. Although plaintiffs made requests by letter and telephone for PIP forms and stated in the letters that there were injuries resulting from the accident, they did not send any bills or medical reports to Motor Club of America until January 17 and 18, 1977. This claim was rejected on March 7, 1977 and plaintiffs delayed until March 28, 1978 before bringing this suit.
A motion for summary judgment may only be granted if the pleadings, discovery and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or order as a matter of law. R. 4:46-2. In this case any dispute as to facts is insubstantial and thus should not preclude this court from granting summary judgment. Judson v. Peoples Bank and Trust Co. of Westfield, 17 N.J. 67, 75 (1954). Therefore, in accordance with this court's findings of fact and its conclusion of law *527 that there was no suspension of the running of the statute of limitations, summary judgment is granted to the defendant. In reaching this result this court need not reach and has made no decision regarding defendant's contention that plaintiffs are barred from recovery due to breach of obligation to provide proof of their claim "as soon as practicable" under the insurance policy.
NOTES
[1] In support of this contention plaintiffs cite Peloso v. Hartford Fire Ins. Co., 56 N.J. 514 (1970). This was a fire loss case in which the statute of limitations on a fire loss claim was tolled during the period between notice of fire loss and the insurer's formal denial of liability. In this case negotiations concerning the claim had proceeded during this entire period. The case has no bearing on the matter at hand because of the different policy obligations and statutory schemes involved, as well as divergent fact patterns.