ERNEST H. MILTNER, JR. ET AL., PLAINTIFFS, v. SAFECO INSURANCE COMPANY OF AMERICA, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

June 26, 1980.

*James V. Higgins,* for plaintiffs.

*Frank Kunzier,* for defendant (*Robert F. Colquhoun,* attorney).

GRIFFIN, J. S. C.

One of the questions raised in this action to enforce personal injury protection (PIP) benefits involved the burden of proof.

Plaintiff was injured in an automobile accident. Substantial medical expense and income continuation benefits were paid by defendant. *N.J.S.A.* 39:6A–4(a) and (b). About six months after the accident and three months after medical treatment had ceased, plaintiff again injured his back while cleaning up his back yard. He contended that this injury was causally related to the automobile accident and seeks additional PIP benefits.

Defendant, relying on *Hagains v. Government Employees Ins. Co.,* 150 *N.J.Super.* 576 (Law Div.1977), submitted the following request to charge:

Any time an insurer receives a bill from its insured which on its face or accompanying paper indicates in any manner that it is for medical services rendered to the insured as a result of an automobile accident, the insured has complied with the requirements of *N.J.S.A.* 39:6A–4 *et seq.*

From that point, the insurer has the absolute obligation to pay the bill within 30 days or to establish that it is not responsible for its payment.

He argued that *Hagains* so held because of the following language (at 579): "Consequently, unless the insurer can meet

his statutory burden of proving that it is not responsible for the payment, the insurer must make payment on the bill within the 30-day period, pursuant to *N.J.S.A.* 39:6A–5(b)."

The statute cited in the above quotation relates to the obligation on the part of the insurance company to pay within 30 days after receipt of written notice of the claim. The pertinent portion reads, "[A]ny payment shall not be deemed overdue where the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer." This protects the insurer from the 10% interest charge for payments made over 30 days after notice if it has reasonable proof to establish that it is not responsible. Neither the statute nor the *Hagains* case should be read so as to affect the basic obligation of the plaintiff to prove his case by a preponderance of the evidence during a trial.

The obligation of the insurer is to make "Payment of all reasonable medical expenses incurred as a result of personal injury sustained in an automobile accident." *N.J.S.A.* 39:6A–4(a). The burden of establishing this by a preponderance of the evidence should remain on plaintiff as in any other civil case.