CHANDLER A. LAUGHLIN, Appellant, *v.* HYDRO SEARCH, INC., and JEFFREY A. GILMAN, Respondents.

No. 11940

December 8, 1980                     620 P.2d 373

*William K. Lohse,* Reno, for Appellant.

*Fahrenkopf, Mortimer, Sourwine, Mousel & Pinkerton,* Reno, for Respondents.

## OPINION

By the Court, Young, D. J.[1]:

In 1973 "no fault" insurance laws were enacted by the

[1]The Governor designated the Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, to sit in the place of The Honorable Gordon Thompson, Justice. Nev. Const. art. 6, § 4.

Nevada State Legislature as a cure-all for personal injuries in vehicular accidents. The 1979 legislature passed legislation phasing out "no fault" insurance on January 1, 1980.

The courts, however, still have to decide those cases that arose during the period 1973-1980. This case is one such case and involves the questions of whether a party, a vehicle owner in the State of Nevada who was uninsured, is entitled to receive "no fault" insurance benefits, and whether he sustained damages in excess of the no fault threshold so as to entitle him to sue for basic reparation benefits and general damages.

Appellant is not entitled to recover basic reparation benefits as to the first $10,000 of an injured person's economic detriment. NRS 698.280(1)(h)[2] abolished the tort-feaser's liability. As no evidence in the record supports a finding that appellant suffered in excess of $10,000 in economic detriment, appellant as a matter of law is not entitled to recover from respondents for such damages. Surman v. Griebel, 439 F.Supp. 1118 (D.Nev. 1977).

Appellant also argues that he is entitled to sue respondents for damages for noneconomic detriment. This contention is without merit. Tort liability for noneconomic detriment was also abolished where a party's medical benefits did not exceed $750. NRS 698.280(1)(i) and (2).[3] Appellant contends that his

[2]NRS 698.280(1)(h) provided:

"Tort liability with respect to accidents occurring in this state and arising from the ownership maintenance or use of a motor vehicle is abolished except as to:

. . . .

"Damages for any loss not recoverable as basic reparation benefits by reason of the limitation on benefits for those losses, as provided in NRS 698.070;"

[3]NRS 698.280 provided in pertinent part:

"Tort liability with respect to accidents occurring in this state and arising from the ownership maintenance or use of a motor vehicle is abolished except as to:

. . . .

"Damages for noneconomic detriment, but only if the medical benefits for the injured person exceed $750, or if the accident causes death, chronic or permanent injury, permanent partial or permanent total disability, disfigurement, more than 180 days of inability of the injured person to work in his occupation, fracture of a major bone, dismemberment or permanent loss of a body function.

"2. Any person who receives medical and surgical benefits is considered in compliance with the requirements of paragraph (i) of subsection 1 upon at least $750. Any person receiving ordinary and necessary services normally performed by a nurse from a relative or a member of his household may include the reasonable value of such services in meeting the requirements of that paragraph."

bill of $756 for secretarial-type replacement services constitutes medical benefits. Appellant thus suggests he has met the threshold requirement. Medical benefits were expressly defined by statute, NRS 698.070(3),[4] and did not include secretarial-type replacement services. Rather, such expenses were expressly covered by the definition of disability income benefits. NRS 698.070(1).[5]

As seen, there are no questions of fact in dispute and appellant may not recover damages for economic and noneconomic detriment from these respondents as a matter of law.

Summary judgment was properly granted by the district court. NRCP 56(c).

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.

---

[4]NRS 698.070(3) provided:

" 'Medical benefits' means payment for all reasonable charges incurred for necessary medical services, X-ray, dental and rehabilitative services, including but not limited to prosthetic devices, necessary ambulance, hospital and nursing services. Such benefits also include necessary remedial treatment and services recognized and permitted under the laws of this state for an injured person who relies upon spiritual means, through prayer alone, for healing in accordance with his religious beliefs. The term does not include that portion of a charge for a room in a hospital, clinic, convalescent or nursing home or any other institution engaged in providing nursing care and related services in excess of a reasonable and customary charge for semiprivate accommodation, unless intensive care is medically required."

[5]NRS 698.070(1) provided:

" 'Disability income benefits' means payment, not to exceed $175 per week, for loss of income from work the injured person would have performed if he had not been injured and expenses reasonably incurred by him in obtaining services in lieu of those he would have performed for income, reduced by any income for substitute work actually performed by him or by income he would have earned in available appropriate substitute work he was capable of performing, but unreasonably failed to undertake. If disability income benefits are excludable from gross income for income tax purposes, 'disability income benefits' means payment, not to exceed $175 per week, for 85 percent of loss of income as calculated in this subsection. As used in this subsection, 'income' includes but is not limited to salary, wages, tips, commissions, professional fees, profits from an individually owned business or farm, or the profits or income from any partnership, or profits from a corporation which are taxed pursuant to 26 U.S.C. 1371 et seq."