NATIONWIDE MUTUAL INSURANCE COMPANY AND EDMOND G. PSALTIS, APPELLANTS, v. JEANETTE A. MAURIGI, RESPONDENT.

No. 12904

April 28, 1982                    643 P.2d 1216

*Cromer, Barker, Michaelson, Gillock & Rawlings,* Reno, for Appellants.

*Durney, Guinan & Brennan,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent, while a pedestrian, was struck and injured by a vehicle driven by appellant Psaltis in Reno on December 6, 1978. The driver was insured pursuant to NRS Chapter 698, the "no fault" insurance act then in effect. Respondent was also the owner of a vehicle registered in the state of Nevada, which did not have the insurance required by Chapter 698. The court below determined that appellant insurer was liable to respondent on her claim for basic reparation benefits. On appeal, the insurer and driver contend that respondent is barred from claiming basic reparation benefits under former Chapter 698

because she had failed to insure a vehicle owned by her as required by the statute.

Former NRS 698.190(1) required every owner of a motor vehicle registered in this state to provide, by a contract of insurance or by qualifying as a self-insurer, security for the payment of basic reparation benefits and for payment of tort liability arising from the maintenance or use of the motor vehicle. The act also provided, former NRS 698.260(2), that "[a]ny person who sustains an injury and is not an operator or occupant of a motor vehicle shall claim basic reparation benefits from insurers in the following order of priority: (a) His insurer. (b) The insurer of the owner of the motor vehicle. (c) The insurer of the operator of the motor vehicle." The statute provided that "[b]asic reparation benefits shall be paid without regard to fault," and "without regard to immunity from liability or suit which might otherwise be applicable." NRS 698.250(1) and (2). Furthermore, NRS 698.260(3) specifically provided for priority of recovery by a pedestrian (that is, one who was not an operator or occupant of a vehicle) who was injured by two or more motor vehicles and was "not covered by basic reparation insurance." Finally, the act specifically listed persons "disqualified from basic or added reparation benefits." NRS 698.340. Persons failing to comply with the requirements of NRS 698.190 were not included on this list, although they were expressly excluded from participation in the "assigned claims plan." NRS 698.380(4).

The district court concluded that under this legislative scheme respondent was entitled to claim basic reparation benefits from the insurer of the driver. We agree.

Respondent relies here, as he did below, upon Surman v. Griebel, 439 F.Supp. 1118 (D.Nev. 1977), followed in Laughlin v. Hydro Search, Inc., 96 Nev. 872, 620 P.2d 373 (1980). These cases were predicated upon an analysis of NRS 698.280, which abolished tort liability with certain specified exceptions. In this case, the interpretation of the tort abolition provision is not at issue. Instead, respondent sought recovery under the alternative victim-compensation plan created by the no-fault insurance statute. *See* Hagains v. Government Emp. Ins. Co., 376 A.2d 224 (N.J.Super. 1977).

The policy argument for denying basic reparation benefits protection to pedestrians is not of the same force as that for denying the protection to an uninsured motorist; the fact that a pedestrian owns an uninsured automobile is unrelated to the accident or injuries for which compensation is sought. That the

legislature was not concerned with the maintenance of insurance for such persons is reflected in the specific provisions for recovery by uninsured pedestrians in NRS 698.260(3).

We affirm the judgment of the district court.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[1] concur.