(661 P.2d 812)
No. 54,387

DEAN R. DIBASSIE, *Plaintiff-Appellee,* v. AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, *Defendant-Appellant.*

Opinion filed April 7, 1983.

*John C. Tillotson,* of Murray & Tillotson, Chartered, of Leavenworth, for appellant.

*Henry W. Green,* of Green & Schneeberger, P.A., of Leavenworth, for appellee.

Before Swinehart, P.J., Abbott and Meyer, JJ.

Meyer, J.: Appellant American Standard Insurance Company, of Wisconsin (defendant) appeals from the trial court's judgment awarding interest and attorney fees in a case for overdue personal injury protection (PIP) benefits; the action was brought by defendant's insured, appellee Dean R. DiBassie (plaintiff).

Plaintiff was injured in an automobile accident on August 27, 1981. On November 10, 1981, plaintiff submitted to defendant the police accident report describing the incident. On November 16, he provided defendant with written notice of a covered loss, pursuant to the contract for insurance between the parties. This notice was on a form provided by defendant. Accompanying this form was an itemized bill for medical treatments received by plaintiff at the University of Kansas Medical Center, in the amount of $4,208.08.

By letter dated November 24, 1981, defendant informed plaintiff that his medical records would have to be made available in order for defendant to process his claim. Enclosed with this letter was a consent form, to be returned to defendant. Plaintiff completed and returned the form as instructed.

On December 22, 1981, plaintiff was again contacted by de-

fendant, and told that the University of Kansas Medical Center refused to release his records until he endorsed one of the Center's personalized, official consent forms; one such consent form accompanied this correspondence. Plaintiff completed and returned this form on December 31, 1981.

On January 11, 1982, plaintiff commenced this action against defendant, praying for overdue PIP benefit payments, statutory interest penalty and attorney fees. On February 5, defendant received plaintiff's medical records and on February 10, a check was dispatched to plaintiff in payment of his claim.

On February 16, 1982, defendant filed its answer, alleging payment of plaintiff's claim and denying that such benefits had ever been overdue. Defendant also asserted a counterclaim for attorney fees, based on its allegation that plaintiff's claim was frivolous. Trial was held to the court on March 29, 1982. At the close thereof, plaintiff was awarded interest at the rate of 18 percent per annum from December 15, 1981, to February 10, 1982, on all overdue PIP benefits. The court also awarded plaintiff attorney fees in the amount of $500.00. Defendant's counterclaim was denied. Defendant appeals.

Defendant first raises the issue of whether the court was correct in awarding plaintiff the 18 percent statutory interest penalty on overdue PIP benefits.

The payment of PIP benefits is controlled by K.S.A. 40-3110. K.S.A. 40-3110(a) dictates when PIP benefits are payable.

"[P]ersonal injury protection benefits due from an insurer or self-insurer under this act shall be primary and shall be due and payable as loss accrues, upon receipt of reasonable proof of such loss and the amount of expenses and loss incurred which are covered by the policy issued in compliance with this act. An insurer or self-insurer may require written notice to be given as soon as practicable after an accident involving a motor vehicle with respect to which the insurer's policy of motor vehicle liability insurance affords the coverage required by this act . . . ." K.S.A. 40-3110(a), in pertinent part.

K.S.A. 40-3110(b) defines "overdue" and prescribes a penalty against the insurer for late payment of benefits.

"Personal injury protection benefits payable under this act shall be overdue if not paid within thirty (30) days after the insurer or self-insurer is furnished written notice of the fact of a covered loss and of the amount of same . . . . Provided, That no such payment shall be deemed overdue where the insurer or self-insurer has reasonable proof to establish that it is not responsible for the payment, notwithstanding that written notice has been furnished. For the purpose of calculating the extent to which any personal injury

protection benefits are overdue, payment shall be treated as being made on the date a draft or other valid instrument which is equivalent to payment was placed in the United States mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per annum." K.S.A. 40-3110(*b*), in pertinent part.

We conclude that the obvious and proper interpretation of this statutory language is that the insurer becomes liable for payment of PIP benefits once the insured has provided "reasonable proof" of the loss itself and the amount of the loss. If payment is not made within thirty days after that time, then the insurer becomes further liable for the 18 percent interest penalty on the amount overdue.

K.S.A. 40-3110 contains only one statutory exception to the rule stated in the preceding paragraph. It operates to suspend the liability for the interest penalty when the insurer has "reasonable proof" to establish it is not responsible for such payment of benefits to its insured. Where the controversy has involved rights to, or amounts of, "survivor's benefits" under K.S.A. 40-3103(*y*), the courts have recognized this exception, explaining that it protects insurers from the interest penalty whenever there is a good faith controversy as to the amount of "survivor's benefits" due. See *Coe v. Security National Ins. Co.*, 228 Kan. 624, Syl. ¶ 3, 620 P.2d 1108 (1980). Since survivor's benefits are included within PIP benefits (see K.S.A. 40-3103[*q*]), we conclude that *Coe* is controlling.

Thus, this first issue can be restated as: Did plaintiff's written notice of November 16, 1981, constitute "reasonable proof" of a covered loss; and, if so, did defendant have "reasonable proof" of nonresponsibility for, or a good faith argument against, plaintiff's claim?

This is a matter of first impression in Kansas. Other jurisdictions have, however, dealt with cases involving similar situations; their opinions are instructive. In *Hagains v. Government Employees Ins. Co.*, 150 N.J. Super. 576, 376 A.2d 224 (1977), the Superior Court of New Jersey, Law Division, had before it a case quite similar to the one at bar. The insured had sued for interest on overdue benefits. The facts showed that the insurer had received from its insured notice of the date of the accident, a description of the injuries, and a hospital bill which clearly coincided with the date of the accident. Additionally, the in-

sured's attorney had stated in his cover letter that the enclosed bill was for treatment needed as a result of an automobile accident.

At issue in *Hagains* was whether the insured had complied with the statutory notice requirement of N.J.S.A. 39:6A-5, a law bearing substantial similarity to K.S.A. 40-3110. The New Jersey court noted the purpose of its own no-fault act—to provide prompt reimbursement of pecuniary losses without protracted litigation—and the legislative mandate for a liberal construction of the act, and issued the following generalized holding:

"Therefore, any time an insurer receives a bill from its insured which on its face or in the accompanying paper indicates in any manner that it is for medical service rendered to the insured as a result of an automobile accident, the insured has complied with the notice requirement of the statute. At that point the insurer has the absolute obligation to pay the bill within 30 days or to establish that it is not responsible for its payment." 150 N.J. Super. at 583.

The court went on, explaining and expanding this holding:

"The court believes that the crucial element of notice was present on that date [when the insurer received notice of the insured's hospital bill indicating admission on the date of the accident] since the admission date for the hospital stay was the same as the date for the accident, and defendant had been previously notified by his insured of the date of the accident. Likewise, the court holds that sufficient notice has been provided when an insurer receives medical bills enclosed with a letter from its insured's attorney which indicates that these expenses were incurred by his client as a result of an automobile accident." 150 N.J. Super at 583.

The reasoning of the New Jersey Court is both cogent and persuasive. This court is of the opinion, however, that the New Jersey court has adopted a rule excessively slanted towards the insured. So, while we agree with the rationale behind it, we reject the New Jersey rule, and adopt instead one of our own formulation.

We hold that an insured has provided "reasonable proof" of his right to recover PIP benefits whenever he furnishes to his insurer a bill for medical treatment which, when viewed with other objective facts furnished to the insurer, shows a clear relation to a covered loss. Stated another way, PIP benefits become due and payable whenever the information known to the insured is such that a reasonable mind would conclude that there is a substantial likelihood that a claimed loss bears a logical connection to a compensable automobile accident. One fact

which may be considered as bearing on this determination is that the attorney for the insured has stated that the asserted claim for losses and/or expenses derives from an automobile accident.

Readdressing ourselves to the issue in the instant case, plaintiff argues that his notice, given to defendant on November 16, 1981, was "reasonable proof" of his right to recover benefits. This notice consisted of a signed application for benefits, on a form supplied by defendant; this form also authorized release of plaintiff's hospital records. In addition, plaintiff provided an itemized list of his total hospital charges; this was in the form of a computer-printed bill from the University of Kansas Medical Center. This list detailed a course of medical treatment, beginning on August 28, 1981, and consisting of laboratory tests, radiography and surgery to the lower left leg, periodic administration of drugs, and therapeutic exercise; according to the list, medical treatments continued through September 14, 1981. Also noted was a charge for twelve days in a semi-private room. The total amount due and owing was stated as $4,208.08. And, in the letter of transmittal accompanying these documents, plaintiff's attorney stated that the hospital bill was for injuries received in the accident of August 27, 1981.

Defendant argues that plaintiff had presented no "reasonable proof" of a right to PIP payments until his actual medical file itself was made available to it. Defendant asserts that the delay in transmittal of those records was through no fault of its own, and that it acted in good faith in determining whether plaintiff had sustained a covered loss before issuing payment. Defendant states that once its liability was established, it promptly made payment to plaintiff. Thus, it is argued, plaintiff's PIP benefits were never overdue and the court erroneously held defendant liable for the interest penalty.

In our opinion, the judgment of the trial court should be affirmed as to the interest penalty against defendant. The purpose of the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.*, is stated at K.S.A. 40-3102, following:

"The purpose of this act is to provide a means of compensating persons promptly for accidental bodily injury arising out of the ownership, operation, maintenance or use of motor vehicles in lieu of liability for damages to the extent provided herein."

The word "promptly" is most important. The itemized list

supplied by plaintiff clearly relates to medical attention received in treatment of injuries substantially identical to those described in the application for benefits and the accident report. The time frame of such treatment also coincides with the date of the accident. Additionally, the accompanying letter from plaintiff's attorney unequivocally stated that the injuries were a result of the accident and that the bill was for treatment of such injuries. We hold that, under the facts and circumstances of this case, plaintiff supplied defendant with "reasonable proof" of his right to payment by his notice of November 16, 1981, and that plaintiff's PIP benefits therefore became due and payable on that date.

We note a common thread running through the many cases cited by both parties herein. The various courts have steadfastly applied a liberal construction to their no-fault laws, particularly in the area of what constitutes "reasonable notice" of a covered loss. In many states, this liberalism is skewed so markedly towards the insured, that the courts refuse to recognize the exception to liability for interest on late payment of benefits based on a "good-faith controversy" between the insurer and the insured. See *Ortiz v. Safeco Insurance Company,* 144 N.J. Super. 506, 508-9, 366 A.2d 695 (1976); and *Carrillo v. State Farm Mut. Auto Ins.,* 96 Nev. 793, 797, 618 P.2d 351 (1980).

This court believes that a liberal construction of the notice provision of K.S.A. 40-3110 is necessary to attainment of the purpose and objectives of the Kansas Automobile Injury Reparations Act. The construction adopted by the trial court, and advanced on appeal by plaintiff, will foster and promote the efficient administration of the Act; that advanced by defendant would not. Under the construction of "reasonable proof" which defendant would have this court apply, an insured would be required to prove his right to PIP benefits almost beyond a reasonable doubt before he could collect those benefits. Such a construction would not serve, but would in fact be directly contradictory to, the aforementioned purpose of the Act. Plaintiff herein was not paid "promptly"; he received no PIP benefits until five and one-half months after his injury, and almost three months after supplying defendant with "reasonable proof" of his loss. Such was not the purpose of the act, and thus, plaintiff was entitled to the interest penalty on his delinquent benefits.

The question remains whether defendant is relieved of liability for the interest penalty by virtue of either its own "reasonable proof" of nonresponsibility for plaintiff's payments, or a good faith belief that a controversy existed concerning the right to such payments or the amount thereof. We conclude that defendant has failed to bring itself within the confines of this exception to liability. Nothing in the notice supplied by plaintiff would, on its face, create a good faith controversy as to defendant's liability for any or all such expenses; and defendant has not made this court aware of any other information within its knowledge which could be said to constitute "reasonable proof" of facts which would relieve it of responsibility for payment.

The trial court correctly construed K.S.A. 40-3110 and its judgment for plaintiff of interest on PIP benefits due between December 15, 1981, and February 10, 1982, is affirmed.

Defendant's second issue challenges the trial court's award to plaintiff of his attorney fees, in the amount of $500. On appeal, defendant does not dispute the reasonableness of that amount per se, but argues that under the facts of this case, no fees were properly awardable. The fees were awarded pursuant to K.S.A. 40-3111(b), which states in pertinent part:

"An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal injury protection benefits which are overdue. The attorney's fee shall be a charge against the insurer or self-insurer in addition to the benefits recovered, if the court finds that the insurer or self-insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

K.S.A. 40-256 contains language very similar to the above-quoted statute. The court in *Hand v. State Farm Mut. Auto Ins. Co.,* 2 Kan. App. 2d 253, Syl. ¶ 3, 577 P.2d 1202, *rev. denied* 225 Kan. 844 (1978), declared that the cases construing K.S.A. 40-256 were relevant and applicable to claims under K.S.A. 40-3111(b). The court also summarized the case law surrounding 40-256:

"Construing K.S.A. 40-256, the Kansas Supreme Court has said that attorney fees will be awarded in cases of 'frivolous and unfounded denial of liability.' *Koch, Administratrix v. Prudential Ins. Co.,* 205 Kan. 561, 565, 470 P.2d 756 (1970). The issue of whether an insurer refused to pay without just cause or excuse is primarily one of fact to be determined in the first instance by the trial court. *Farm Bureau Mutual Ins. Co. v. Carr,* 215 Kan. 591, 598, 528 P.2d 134 (1974); *Sloan v. Employers Casualty Ins. Co.,* 214 Kan. 443, 521 P.2d 249 (1974). The presence of a good faith legal controversy, particularly if it involves a matter of first impression in this jurisdiction, may constitute just cause or excuse for an

insurer's refusal to pay. *Farm Bureau Mutual Ins. Co. v. Carr*, [215 Kan. at 599]; *Forrester v. State Farm Mutual Automobile Ins. Co.*, 213 Kan. 442, 517 P.2d 173 (1973)." 2 Kan. App. 2d at 261.

And in *Watson v. Jones*, 227 Kan. 862, 871, 610 P.2d 619 (1980), the court had this to say on the subject:

"Whether the refusal of an insurance company to pay is without just cause or excuse under this statute is to be determined on the facts and circumstances of each case. The circumstances confronting the insurer when payment of loss is denied determines the question, and the circumstances are to be judged as they would appear to a reasonably prudent man having a duty to investigate in good faith and to determine the true facts of the controversy. *Brown v. Continental Casualty Co.*, 209 Kan. 632, 498 P.2d 26 (1972). Whether there was just cause to refuse payment and therefore justification for denial of attorney's fees is in the trial court's sound discretion. *Farm Bureau Mutual Ins. Co. v. Carr*, 215 Kan. 591, 598, 528 P.2d 134 (1974)."

The trial court in this case concluded that defendant had unreasonably refused and/or delayed making payment to plaintiff on his claim.

It is clear that whether there has been a delay in payment "without just cause or excuse," supporting an award of attorney fees, is a matter committed to the trial court's discretion; the issue is primarily one of fact, to be determined by the trial court on the basis of the facts and circumstances of each case. See *Farm Bureau Mutual Ins. Co. v. Carr*, 215 Kan. 591, 598-99, 528 P.2d 134 (1974). We have not been shown, nor do we find, any abuse of discretion on the part of the trial court.

We have determined that plaintiff's payments were overdue, because defendant had no reasonable proof of its nonresponsibility nor a good faith argument against its duty to pay. It follows that if defendant had no reasonable ground to refuse or delay payment, then such refusal or delay must have been unreasonable. This logical assumption supports the award of attorney fees, and we affirm such award on that ground.

Defendant filed a counterclaim, praying for its attorney fees under K.S.A. 40-3111(*b*), which, in addition to those provisions quoted above, provides as follows:

"Within the discretion of the court, an insurer or self-insurer may be allowed an award of a reasonable sum as attorney's fee, based upon actual time expended, and all reasonable costs of suit for its defense against a person making claim against such insurer or self-insurer where such claim was fraudulent, excessive or frivolous, and such attorney's fee and all such reasonable costs of suit so awarded

may be treated as an offset against any benefits due or to become due to such person."

The trial court correctly ruled against defendant on its counterclaim. Plaintiff, prevailing on both the claim for interest and that for attorney fees, cannot be said to have brought a fraudulent, excessive or frivolous suit. Furthermore, defendant has not specifically appealed the denial of its counterclaim, nor argued any error in its brief, so the issue has been effectively abandoned, and any error has been waived. See *Friends University v. W. R. Grace & Co.*, 227 Kan. 559, 561, 608 P.2d 936 (1980).

Lastly, we note that plaintiff has prayed for an award of costs and attorney fees on appeal. This prayer does not concern the entire appeal, but only those expenses incurred by plaintiff in replying to defendant's supplemental brief. In our opinion, the supplemental brief raised no new issues, provided no additions or clarifications to the statement of facts, nor cited any propositions of law which differed materially from those cited in defendant's original brief. Defendant's supplemental brief was thus a useless exercise. Nonetheless, it caused plaintiff additional expense to file his reply thereto. We have therefore determined that plaintiff should be awarded costs and attorney fees in the amount of $525.00, for preparation of his reply to defendant's supplemental brief, and we so order.

The judgement of the trial court, awarding plaintiff the statutory interest on overdue PIP benefits and attorney fees in a reasonable amount is correct under the facts and law of this case. That judgment is affirmed. Plaintiff is awarded additional costs and attorney fees on appeal in the amount of $525.00.

Affirmed.