(97 P.3d 501)
No. 91,560

FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, *Appellant*, v. DAMIAN GARCIA and EAGLE INSURANCE COMPANY, *Appellees*.

Opinion filed September 17, 2004.

*Timothy J. Finnerty* and *Troy T. Dinges*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Wichita, for appellant.

*John Sherman*, of Sherman, Hoffman & Hipp, LC, of Ellsworth, for appellee Eagle Insurance Company.

Before RULON, C.J., ELLIOTT, J., and WAHL, S.J.

RULON, C.J.: This is an action on an insurance contract to recover personal injury protection (PIP) benefits and to recover statutory prejudgment interest and attorney fees. Plaintiff Farmers Alliance Mutual Insurance Company (Farmers), as servicing carrier for the Kansas Automobile Assigned Claims Plan (KAACP or the Plan), requested summary judgment against defendant Eagle Insurance Company (Eagle), seeking the district court's determination that Farmers was entitled to recover PIP benefits, prejudgment interest, and attorney fees. The court granted Farmers' motion for summary judgment in part, finding the Plan was entitled to recover PIP benefits but that the Plan was not entitled to recover prejudgment interest or attorney fees. Farmers, for the Plan, appeals from the district court's judgment denying its request for prejudgment interest and attorney fees. We affirm.

The parties stipulated to the underlying facts of the case.

On August 7, 2000, Damian Garcia was the driver of a 1994 Ford Aerostar minivan which was involved in a one-vehicle accident on Interstate 70 in Russell County. The minivan contained 15 passengers. As a result of the accident, several of the passengers sustained serious bodily injuries, some of which resulted in death. At the time of the accident, Garcia was transporting illegal aliens from the Mexican border for a fee.

Eagle is a New York based company which insured the minivan under an assigned risk policy issued to Garcia in New York. The policy indicated that Eagle would provide PIP benefits to Garcia and his passengers in the event of an accident. Eagle denied coverage for Garcia and his passengers and did not pay PIP benefits under the policy. Farmers, acting on behalf of the KAACP, paid PIP benefits totaling $34,829.56 to several of Garcia's passengers under K.S.A. 40-3116(a).

On June 10, 2002, Farmers sent a letter to Eagle advising it that the Plan had a claim arising from the accident. On June 19, 2002, representatives from Farmers and Eagle engaged in a telephone conversation in which the Eagle representative requested a copy of the accident report. On June 24, 2002, Farmers sent Eagle a letter setting forth the payments made to the passengers of the minivan. The letter included, as an enclosure, a copy of the police report. Farmers sent another letter to Eagle on July 2, 2002, including a copy of the June 24, 2002, letter, and another copy of the police report. Eagle did not respond to the letters. On August 6, 2002, Farmers filed a petition seeking recovery of PIP benefits.

Eagle denied coverage and refused to reimburse Farmers for the PIP benefits, relying upon two exclusions in the policy. The liability section of the Eagle insurance policy contains the insuring agreement, as well as exclusions denying liability coverage. The insuring agreement states: "We have no duty to defend any suit or settle any claim for 'bodily injury' or 'property damage' not covered under this policy." One of the exclusions listed in the policy (A.5) provides that Eagle did not provide liability coverage "[f]or that person's liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This

exclusion (A.5.) does not apply to a share-the-expense car pool." Another exclusion in the policy states that the coverage does not apply to personal injury sustained by any person while committing an act which would constitute a felony.

The liability portion of the policy further contains a paragraph entitled "Out of State Coverage," which extends the insured's limits of liability to conform to the laws of another state. It states: "[I]f an auto accident to which this policy applies occurs in any state or province other than the one in which 'your covered auto' is principally garaged, we will interpret your policy for that accident to provide at least the minimum required amounts and types of coverage."

On October 13, 2003, the district court granted Farmers' motion for summary judgment in part and held that Farmers was entitled to recover PIP benefits; however, the court denied Farmers' request for prejudgment interest and attorney fees. The court held that Eagle had a good faith reason to believe Eagle was not responsible for the PIP benefits.

Farmers argues the district court erred when the court denied the award of prejudgment interest and attorney fees based upon its finding that Eagle had a good faith reason to believe that Eagle was not responsible for the payment of PIP benefits.

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]" *Bracken v. Dixon Industries, Inc.*, 272 Kan. 1272, 1274-75, 38 P.3d 679 (2002).

Under the above standard, this court is required to resolve all facts and reasonably drawn inferences in favor of Eagle.

When an insurer refuses to pay PIP benefits to its insured, the insurer must provide "reasonable proof" to establish the insurer is not responsible for the payment of PIP benefits or a good faith belief that a controversy existed concerning the right to the payments or the amount of the payments. If the insurer is not able to provide reasonable proof that the insurer is not responsible for the payment of benefits, the insurer is subject to interest penalties and attorney fees. See *DiBassie v. American Standard Ins. Co. of Wisconsin*, 8 Kan. App. 2d 515, 522-23, 661 P.2d 812 (1983).

In the absence of a showing of reasonable proof that an insurer is not responsible for the payment of benefits, the insured is entitled to an interest penalty pursuant to K.S.A. 40-3110(b). "This court has recognized that the award of interest is 'a matter of judicial discretion subject to being overruled only when there is an abuse of discretion.' *Crawford v. Prudential Ins. Co. of America*, 245 Kan. 724, 737, 783 P.2d 900 (1989)." *Miner v. Farm Bur. Mut. Ins. Co., Inc.*, 17 Kan. App. 2d 598, 616, 841 P.2d 1093 (1992), *rev. denied* 252 Kan. 1092 (1993).

K.S.A. 40-3111(b) provides:

"An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal injury protection benefits which are overdue. The attorney's fee shall be a charge against the insurer or self-insurer in addition to the benefits recovered, if the court finds that the insurer or self-insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

When construing K.S.A. 40-3111(b), the court may look to cases construing K.S.A. 40-256 wherein a claimant may recover attorney fees if the refusal to pay was "without just cause or excuse." *DiBassie*, 8 Kan. App. 2d at 522-23. Whether an insurance company delayed or refused payment without just cause or excuse, supporting an award of attorney fees, is a matter committed to the trial court's sound discretion. *Miner*, 17 Kan. App. 2d at 620.

The central issue before this court is whether the district court abused its discretion in ruling that Eagle had reasonable proof justifying a good faith belief that Eagle was not responsible for the payment of PIP benefits and in ruling that, as a result, Farmers was not entitled to prejudgment interest and attorney fees. A dis-

trict court abuses its discretion only when no reasonable person would take the view adopted by the district court. *Varney Business Services, Inc. v. Pottroff*, 275 Kan. 20, 44, 59 P.3d 1003 (2002).

Here, the district court held that "[b]ecause of the provisions of the contract and the conflict of law provisions that must be resolved in order to decide this case, Eagle had a good faith reason to believe that it was not responsible for the payment of PIP benefits. Accordingly, the court finds that Eagle is not responsible for prejudgment interest, nor for attorney fees."

Farmers argues the district court was not required to resolve any contract provisions or conflict of laws provisions when finding that Eagle must pay PIP benefits; however, in the district court's memorandum decision, the conflict of laws issues was addressed and ruled on by the court. The court ruled that New York law applies to the construction of the insurance policy and further found that Kansas law applies to the extent the Kansas statutes require mandatory coverage.

The determination of whether the district court abused its discretion in ruling whether there was a good faith controversy before the court is a fact-driven analysis:

"Whether the refusal of an insurance company to pay is without just cause or excuse . . . is to be determined on the facts and circumstances of each case. The circumstances confronting the insurer when payment of loss is denied determines the question, and the circumstances are to be judged as they would appear to a reasonably prudent man having a duty to investigate in good faith and to determine the true facts of the controversy. Whether there was just cause to refuse payment, and therefore justification for denial of attorney fees, is in the trial court's sound discretion." *DiBassie*, 8 Kan. App. 2d 515, Syl. ¶ 8.

In refusing to pay a claim, an insurer has a duty to make a good faith investigation of the facts surrounding the claim. *Brown v. Combined Ins. Co. of America*, 226 Kan. 223, 227, 597 P.2d 1080 (1979). If there is a bona fide and reasonable factual ground for contesting an insured's claim, there is no failure to pay without just cause or excuse. *Koch, Administratrix v. Prudential Ins. Co.*, 205 Kan. 561, 565, 470 P.2d 756 (1970).

Farmers relies upon *Scott v. State Farm Mut. Auto. Ins. Co.*, 18 Kan. App. 2d 93, 850 P.2d 262 (1992), to support its argument that

Eagle had no reasonable proof for denial. In *Scott*, the trial court awarded attorney fees and interest to the injured plaintiff, Hazel Scott. State Farm argued it had reasonable proof that it was not responsible for Scott's PIP benefits after it had submitted the records of Scott's treatment to Intracorp for review. Intracorp was a firm hired to evaluate Scott's medical billing. Intracorp responded to State Farm's request with a letter stating that of the $7,832.71 in medical bills incurred by Scott, it recommended payment of only $1,019.40 based upon excessive and unnecessary treatment. Intracorp's reviewing physician never met or examined Scott and relied solely upon the records in making the recommendation. The trial court found State Farm's reviewing physician to be "somewhat unbelievable," and this court upheld the finding that the reviewing physician's opinion did not form a reasonable basis for denying PIP benefits. 18 Kan. App. 2d at 98.

Here, Eagle did not rely upon the testimony of a reviewing physician who failed to examine the injured plaintiff. Instead, Eagle relied upon language within the contract and the confusion regarding whether New York or Kansas law applied to its interpretation. Farmers' reliance on *Scott* is misplaced.

It is not necessary to go through a lengthy analysis of Kansas law regarding mandatory PIP benefits in order to resolve this case. A review of the record and the insurance policy reveals there were sections of the policy which needed to be interpreted and construed in order to determine whether Eagle was responsible for PIP benefits. In addition to the conflict of laws issues, there were questions whether the policy applied because Garcia was engaged in an illegal activity, *i.e.*, transporting illegal aliens for a fee. While the exclusions would not apply to preclude the passengers from recovering PIP benefits applying Kansas law, the exclusions might apply under New York law. New York law and Kansas law have different statutes governing the exclusions of PIP benefits. Because there was a genuine controversy regarding whether one of the exclusions applied to the payment of PIP benefits, Eagle had reasonable proof that it was not responsible for the payment of benefits.

As previously noted, whether Eagle unreasonably refused to pay PIP benefits which would entitle Farmers to prejudgment interest

and attorney fees under K.S.A. 40-3110(b) and K.S.A. 40-3111(b) was a decision within the district court's sound discretion. Eagle claims it relied upon the exclusions in the policy and the criminal conduct of Garcia and his passengers in denying the PIP benefits. There was a genuine question of whether Kansas or New York law applied. The district court found that Eagle's assertion was sufficient to show that Eagle's conduct was reasonable and in good faith at the time the benefits were denied. Under the standard of review utilized by this court, the district court's denial of attorney fees and interest will not be disturbed.

Affirmed.