NOT DESIGNATED FOR PUBLICATION

No. 120,862

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EARNEST VAILE,
*Appellant*,

v.

SHELTER MUTUAL INSURANCE COMPANY,
*Appellee*.

MEMORANDUM OPINION

Appeal from Labette District Court; FRED W. JOHNSON JR., judge. Opinion filed February 7, 2020. Affirmed.

*Patrick C. Smith*, of Patrick C. Smith, LLC, of Pittsburg, for appellant.

*Craig C. Blumreich*, of Larson & Blumreich, Chartered, of Topeka, for appellee.

Before ARNOLD-BURGER, C.J., HILL and GARDNER, JJ.

PER CURIAM: After Earnest Vaile was in a car accident, his insurer, Shelter Mutual Insurance Company (Shelter), refused to pay a psychiatric bill Vaile submitted. The district court held that Shelter had to pay that bill, but because the district court found that Shelter had acted in good faith, the district court did not award Vaile interest or fees. Vaile appeals the district court's denial of statutory interest and attorney fees and contends that Shelter's refusal was unreasonable, warranting interest and fees. Having reviewed the record, we find no abuse of discretion.

1

*Factual and Procedural Background*

On July 18, 2013, Vaile—a Missouri resident—was involved in a car accident in Kansas. After the accident, he got out of his vehicle without waiting for emergency responders. He was bleeding and thought he had injuries from his air bag and broken windshield and window. His bleeding stopped, he did not receive treatment from emergency personnel when they arrived, and he did not go to a hospital or seek other medical treatment that day. Vaile first sought medical treatment for the accident on August 22, 2013, then saw no physician for the following 9 months. On May 17, 2014, he saw Dr. James Bright, a psychiatrist.

At the time of the accident, Vaile was insured through Shelter. Vaile sent Shelter a bill for medical services he received in August 2013 and Shelter paid that bill. On June 1, 2015, Vaile sent Shelter a $357 medical bill for his visit on May 17, 2014 to a licensed psychiatrist, Bright. But Shelter denied payment of that bill, pointing to its policy language that excluded coverage for mental or emotional conditions unless they resulted from a physical injury. Vaile's attorney responded that Kansas law requires insurers to pay Personal Injury Protection (PIP) benefits, which cover care from licensed psychiatrists. But Shelter's legal department confirmed the denial of the claim. As a result, Vaile sued Shelter for breach of contract.

In due course, Vaile moved for summary judgment. He argued that Shelter should pay the medical bill as a PIP benefit under K.S.A. 40-3101 et seq. and pay an 18% statutory interest on the bill and attorney fees under K.S.A. 40-3110 and K.S.A. 40-3111. In response, Shelter argued:

(1) it had paid or would pay Vaile's medical bills for his treatment in August 2013, but it had "no record of [Vaile] seeking any additional treatment as a result of the

2

motor vehicle accident from August 2013, until May 7, 2014, approximately ten . . . months after the motor vehicle accident";

(2) the policy does not pay for psychological treatment unrelated to a bodily injury;

(3) Kansas law precludes recovery for psychological treatment without a qualified bodily injury;

(4) Vaile has not shown a compensable injury related to the car crash; and

(5) Shelter had refused his claim in good faith.

The district court denied Vaile's motion. It found in part that whether Vaile had suffered an injury as a result of the motor vehicle accident on July 18, 2013, presented a question of fact for the trier of fact.

> "Accordingly, this Court concludes that the Defendant's denials are in substantial compliance with the statue [*sic*] and rules relating to summary judgment that whether or not Plaintiff suffered an injury as a result of the motor vehicle accident which occurred on July 18, 2013, is a question of fact to be determined by the jury. Further, whether Dr. Bright's medical expenses were incurred for treatment of an injury or injuries resulting from the July 18, 2013, accident is a question of fact. Finally, whether Plaintiff's alleged psychological injury and treatment resulted from bodily injury to Plaintiff from the July 2013 accident is a question of fact for the jury."

The district court thus found genuine issues of fact not only in whether Shelter's policy language excluded coverage for the psychiatrist's bill, but also in whether Vaile had shown that he suffered an injury as a result of the accident and whether he had shown that the psychiatrist's expenses were incurred for that injury.

Discovery proceeded and Vaile deposed Bright. Bright testified that Vaile complained about panic attacks and memories of the car crash. Still, Bright did not recall talking with Vaile about any physical injuries he suffered in the accident. Vaile never told

3

Bright that his physical injuries caused him mental anguish. Bright did not attribute Vaile's posttraumatic stress disorder (PTSD) to any physical injury Vaile suffered, but instead to Vaile's feelings about the injuries or deaths of the persons killed in the accident. Plaintiff testified in his deposition that his panic attacks arose after the accident when an MRI was ordered, and that he thinks it has something to do with his being trapped in his car after the accident. Yet Bright did not opine that Vaile's accident had caused his PTSD.

The parties submitted the case to the court for decision upon stipulated facts, written documents, a transcript of Bright's deposition, and trial briefs. The district court held that Shelter had to pay the $357 psychiatric bill but did not have to pay interest or attorney fees. The district court specifically held that "the Defendant denied Plaintiff's request for benefits in good faith and Plaintiff's request under K.S.A. [40-]3110(b) should be denied." It did not mention K.S.A. 40-3111(b). Vaile moved the court to reconsider both the attorney fees and the statutory interest under K.S.A. 40-3110 and K.S.A. 40-3111, but the district court summarily denied that motion.

Vaile timely appeals.

*Did the District Court Abuse its Discretion by Denying Vaile's Requests for Statutory Interest and Attorney Fees?*

On appeal, Vaile argues that Shelter's reasons for refusing to pay his medical bills were unreasonable. Thus, Shelter should pay the statutory interest and attorney fees.

*Standard of Review*

The district court determined that an insurer had just cause to delay its payment so no award for attorney fees or statutory interest was warranted. Whether an insurance

4

company delayed or refused payment without just cause or excuse, supporting an award of attorney fees, is a matter committed to the trial court's sound discretion. *Miner v. Farm. Bur. Mut. Ins. Co., Inc.*, 17 Kan. App. 2d 598, 620, 841 P.2d 1093 (1992). We review that decision under the abuse of discretion standard. See *Farmers Alliance Mut. Ins. Co. v. Garcia*, 33 Kan. App. 2d 90, 93-94, 97 P.3d 501 (2004) (reviewing the district court's summary judgment on a motion for attorney fees under K.S.A. 40-3111(b) under the abuse of discretion standard); *Hainline v. Farm Bureau Mut. Ins. Co.*, No. 98,158, 2008 WL 713733, at *5 (Kan. App. 2008) (unpublished opinion) (finding "the district court's decision on the denial of attorney fees under K.S.A. 40-3111(b) is reviewed under the abuse of discretion standard" instead of the de novo summary judgment standard). We apply that same abuse of discretion standard to the district court's decision not to award prejudgment interest under K.S.A. 40-3110(b).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Consolver v. Hotze*, 306 Kan. 561, 568-69, 395 P.3d 405 (2017). The party asserting the district court abused its discretion bears the burden of showing this abuse of discretion. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

*Analysis*

Under the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. 40-3101 et seq., PIP coverage is payable for bodily injury to an insured caused by accident resulting from the ownership, maintenance, or use of a motor vehicle. "The purpose of [KAIRA] is to provide a means of compensating persons promptly for accidental bodily injury arising out of the ownership, operation, maintenance or use of motor vehicles in lieu of liability for damages to the extent provided herein." K.S.A. 40-3102. K.S.A. 40-3103(i) defines "[i]njury" to mean "bodily harm, sickness, disease or death resulting from an accident arising out of the ownership, maintenance or use of a motor vehicle."

5

Despite its references to "bodily injury," PIP benefits include "medical benefits" required as provided in motor vehicle insurance policies under KAIRA. Those medical benefits are not limited to expenses for bodily injury:

> "'Medical benefits' means and includes allowances for all reasonable expenses . . . for necessary health care rendered by practitioners licensed by the state board of healing arts to practice any branch of healing arts or licensed psychologists." K.S.A. 40-3103(k).

Vaile relies on this language in maintaining that because his $357 bill was from a psychiatrist who was licensed by the state board of healing arts, Shelter unreasonably failed to pay it.

Our Court has previously addressed the level of proof required to recover insurance benefits. In *DiBassie v. American Standard Ins. Co. of Wisconsin*, 8 Kan. App. 2d 515, 521, 661 P.2d 812 (1983), the court noted that a liberal construction of the notice provision of K.S.A. 40-3110 requiring payment of PIP benefits upon receipt of reasonable proof of such loss and the amount of expenses and loss incurred is necessary to attain the purpose and objectives of the KAIRA. "[A]n insured has provided 'reasonable proof' of his right to recover PIP benefits whenever he furnishes to his insurer a bill for medical treatment which, when viewed with other objective facts furnished to the insurer, shows a clear relation to a covered loss." 8 Kan. App. 2d at 519. "Thus, where the insured provided medical bills corresponding to the injuries listed on his application for benefits and on the accident report, and where plaintiff's attorney submitted a letter to insurer stating that the injuries were a result of the accident, the insured was entitled to prompt payment of benefits." *Hephner v. Traders Ins. Co.*, 254 Kan. 226, 230-31, 864 P.2d 674 (1993). The record on appeal does not include a letter from Vaile's attorney stating that Vaile's psychiatric injuries resulted from the accident, or any other facts showing a clear relation to a covered loss.

If an insurer refuses to pay PIP benefits to its insured, the insurer, to avoid paying an interest penalty and attorney fees, must provide a good-faith belief that a controversy exists over the payment. *Garcia*, 33 Kan. App. 2d at 93. K.S.A. 40-3110(b) provides that an insurer must pay 18% per annum interest on an overdue benefit, unless the insurer "has reasonable proof to establish that it is not responsible for the payment." Similarly, under K.S.A. 40-3111(b), an insurer must pay attorney fees "if the court finds that the insurer or self-insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

When construing either of these statutes, courts may look to the "without just cause or excuse" standard under K.S.A. 40-256. See *Garcia*, 33 Kan. App. 2d at 93; *Scott v. State Farm Mut. Auto. Ins. Co.*, 18 Kan. App. 2d 93, 99-100, 850 P.2d 262 (1992). That statute allows recovery when a "judgment is rendered against any insurance company" and the insurance company "refused without just cause or excuse to pay the full amount of [the] loss." K.S.A. 40-256.

Whether an insurer has refused to pay a claim without just cause is a fact-driven analysis. To avoid the penalties, an insurer must present (1) a bona fide and reasonable factual ground for refusing a claim or (2) a good-faith legal controversy. See *Allied Mut. Ins. Co. v. Gordon*, 248 Kan. 715, 735, 811 P.2d 1112 (1991).

Both of those grounds lead us to conclude that the district court did not abuse its discretion here. First, Shelter had a reasonable factual ground for refusing the claim. Shelter's first reply letter to Vaile conveys that Shelter did not have proof that Vaile's psychiatric treatment was related to an injury resulting from the car accident. The district court recognized this lack of proof in its denial of Vaile's motion for summary judgment:

> "Defendant does not deny that Plaintiff incurred the medical expenses claimed.
> Rather, the Defendant contends that: 1. the expenses are not related to any injury Plaintiff

7

received in the alleged accident and; 2. the claimed medical expenses are specifically excluded from coverage under the Plaintiff's policy.

"It is also interesting that while Plaintiff contends that the Defendant's denial is not support by evidence, neither are Plaintiff's factual contentions supported by evidence. Plaintiff attaches Exhibit B as a true and accurate copy of Dr. Bright's medical expenses but there is no indication as to the underlying cause of those medical expenses. The remainder of Plaintiff's exhibits are simply copies of letters exchanged between Plaintiff's counsel and the Defendant insurance company."

Shelter's contentions in the pretrial order also reflect that its refusal to pay the psychiatric bill was not based solely on its policy language. Its contentions were twofold:

"that the medical treatment sought by Dr. Bright is not related to the automobile accident on July 18, 2013, and that [Vaile] suffered no compensable physical injury as a result of mental or emotional distress and is not entitled to relief under Kansas law and by virtue of his insurance contract with Defendant."

Similarly, the pretrial order includes the following among the issues of fact to be determined at trial:

- Whether Plaintiff suffered compensable injury as a result of the automobile accident on July 18, 2013, for which he is entitled to relief from Defendant;
- Whether Plaintiff's treatment with Bright is related to the automobile accident on July 18, 2013;
- Whether Plaintiff suffered physical injury as a result of the mental and/or emotional distress alleged by Plaintiff;
- Whether Plaintiff incurred medical expenses as a result of injuries sustained in the motor vehicle accident, including medical expenses incurred as a result of treating with Bright; and

8

- Whether the medical bills for Bright were timely submitted on June 1, 2015, to Defendant with the request that they be paid as a PIP benefit.

Second, Shelter showed a good-faith legal controversy about Vaile's psychiatric bill. In its response to Vaile's motion for summary judgment, Shelter argued that under Kansas law, damages for emotional distress are not compensable absent a qualifying physical injury. Shelter relied on Kansas tort law regarding negligent infliction of mental distress. In that context,

> "Kansas has long held that a plaintiff cannot recover for emotional distress caused by the defendant's negligence unless that emotional distress is accompanied by or results in physical injury to the plaintiff. *Hoard v. Shawnee Mission Medical Center*, 233 Kan. 267, 274, 662 P.2d 1214 (1983); see *Grube v. Union Pacific R.R. Co.*, 256 Kan. 519, 522, 886 P.2d 845 (1994)." *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 628, 349 P.3d 1283 (2015).

Shelter also sought to apply *Major*'s statement that the qualifying physical injury "must directly result from the emotional distress allegedly caused by the defendant's negligence and must appear within a short span of time after the emotional disturbance." 51 Kan. App. 2d at 628.

Shelter argued that Kansas tort law was analogous to its case, justifying its denial:

> "Plaintiff in the instant case suffered minor injuries in a motor vehicle accident for which he sought one-time treatment shortly after. Approximately ten (10) months later, Plaintiff sought treatment from a psychiatrist, Dr. Bright, for what Plaintiff has described as panic attacks resulting from the accident. Plaintiff asks this Court to find that he is entitled to compensation as a PIP benefit as a matter of law. Defendant asserts that to be compensable, the emotional distress claimed by Plaintiff must result in physical injury to Plaintiff, and that the symptoms must have manifested close in time to the accident.

Defendant asserts that Plaintiff suffered no such physical injury, and that he did not seek treatment with Dr. Bright until approximately ten (10) months after the accident."

Notably, this legal argument—that Vaile needed to show physical injury directly resulting from the emotional distress caused by the accident—is the converse of the argument Shelter also made based on its policy—that Vaile had to show that his emotional injury resulted from bodily injury he suffered in the accident.

In denying payment, Shelter did not merely rely on policy language contrary to Kansas law. Instead, Shelter presented a genuine question of how to construe the relevant statutes and Kansas caselaw under the circumstances of this case. See K.S.A. 40-3103(i); K.S.A. 40-3107(f). See *Armacost v. State Farm Mut. Auto. Ins. Co*., 231 Kan. 276, 279, 644 P.2d 403 (1982) (finding a good-faith legal contention in deciding whether a public school teacher qualifies as a full-time worker in the summer); *Garcia*, 33 Kan. App. 2d at 95-96 (holding insurer had a reasonable and good-faith legal contention contesting the language of the insurance contract and resolving a conflict of law issue). Cf. *Garrison v. State Farm Mut. Auto. Ins. Co.*, 20 Kan. App. 2d 918, Syl. ¶ 8, 894 P.2d 226, *aff'd* 258 Kan. 547 (1995) (holding that an award of attorney fees was not permitted when a legal issue of first impression was raised in good faith).

Shelter's arguments were persuasive enough to cause the district court to deny summary judgment. Shelter reasonably raised those same factual issues and legal disputes at the bench trial. We find that Shelter had a reasonable factual ground for refusing the claim and presented a good-faith legal controversy in support of its position.

Thus, the district court acted within its discretion in not awarding fees or interest.

Affirmed.

10