(987 P.2d 1132)

No. 81,234

PHILIP V. SERVOS, *Plaintiff*, v. THOMAS J. CORBETT, *Defendant* and NATHAN C. HARBUR, *Appellant*, v. FARMERS INSURANCE COMPANY, *Appellee*.

Opinion filed August 13, 1999.

*Nathan C. Harbur*, of Nathan C. Harbur, Chartered, of Overland Park, appellant pro se.

*Jeffrey S. Southard*, of Law Offices of Kenneth J. Berra, of Kansas City, Missouri, for appellee Farmers Insurance Company.

*John G. Mazurek*, of *Menghini & Menghini, L.L.C.*, of Pittsburg, for *amicus curiae* Kansas Trial Lawyers Association.

Before ELLIOTT, P.J., RULON and GREEN, JJ.

ELLIOTT, J.: Nathan C. Harbur, attorney for the plaintiff below in a personal injury suit, negotiated a settlement with Farmers Insurance Company (Farmers) which insured both plaintiff and defendant in the suit. Harbur appeals the trial court's denial of attorney fees related to personal injury protection benefits (PIP) Farmers paid to plaintiff.

We affirm.

As noted, Farmers insured both parties. Farmers paid plaintiff $8,100 in PIP benefits. Harbur then negotiated a settlement with Farmers by which Farmers would pay an additional $15,000 to plaintiff for pain and suffering and waive its subrogation lien for the PIP benefits already paid to plaintiff.

Harbur sought attorney fees based on the $8,100 lien waived by Farmers on the theory he had "recovered" the PIP funds for Farmers. The trial court denied the motion, holding that without an actual transfer of funds, there could be no recovery under K.S.A. 40-3113a(e).

The sole question for decision is whether Farmers' waiver of the lien was an execution under K.S.A. 40-3113a(b) for the purposes of apportioning fees. The parties agree the question is one of statutory interpretation, over which our review is plenary. See *Jackson v. Browning*, 21 Kan. App. 2d 845, 847, 908 P.2d 641 (1995).

When a statute is plain and unambiguous, courts must give effect to the legislature's expression; we will not rewrite the statute. See *Brown v. U.S.D. No. 333*, 261 Kan. 134, 141-42, 928 P.2d 57 (1996); *State v. Alires*, 21 Kan. App. 2d 139, 140, 895 P.2d 1267 (1995).

K.S.A. 40-3113a provides:

"(a) When the injury for which personal injury protection benefits are payable under this act is caused under circumstances creating a legal liability against a tortfeasor . . . the injured person . . . shall have the right to pursue such person's remedy by proper action in a court of competent jurisdiction against such tortfeasor.

"(b) In the event of recovery from such tortfeasor by the injured person, . . . the insurer or self-insurer shall be subrogated to the extent of duplicative personal injury protection benefits provided to date of such recovery and shall have a lien therefor against such recovery and the insurer or self-insurer may intervene in any action to protect and enforce such lien. . . .

. . . .

"(e) Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the insurer or self-insurer and the injured person, such person's dependents or personal representatives in the amounts determined by the court."

Under the statute, two things must happen before the attorney fee clause under subsection (e) comes into play: Defendant's insurer must pay duplicative benefits and plaintiff's insurer must exercise its lien. See K.S.A. 40-3113a(b). The statute has been applied where, as here, a single company insures both parties, and any transfer of PIP reimbursement funds is purely an internal bookkeeping function. See *Ballweg v. Farmers Ins. Co.*, 228 Kan. 506, 618 P.2d 1171 (1980).

In *Ballweg*, the two events needed to activate the attorney fee clause in the statute occurred—Farmers included duplicative PIP benefits in its total judgment and also executed the lien against itself through an internal transfer of money.

On the other hand, in the present case, Farmers never executed its lien and no internal transfer of PIP monies occurred. Instead of deducting or transferring funds pursuant to the lien, Farmers merely waived its lien and paid the pain and suffering settlement, preventing an internal transfer of PIP funds.

Kansas cases have held that PIP reimbursements are not subject to attorney fees if the company receives the funds in some manner alternative to the statutory subrogation lien. Where the insurer uses a valid alternative method of bookkeeping, the attorney fee provision in subsection (e) simply does not apply. See *Bardwell v. Kester*, 15 Kan. App. 2d 679, 684, 815 P.2d 120 (1991); *Howard v. Edwards*, 9 Kan. App. 2d 763, 764-66, 689 P.2d 911 (1984).

As we read these cases, the proper focus is not whether the attorney obtained reimbursement funds for the insurer but whether the insurer recovered funds through execution of the subrogation lien or through some other valid alternative method.

Without a transfer of duplicative benefits and an actual execution of the PIP lien, K.S.A. 40-3113a(e) does not apply. Applying the plain language of the statute, we hold that when a single company insures both parties to a settlement agreement, it is not liable for attorney fees based on PIP benefits paid unless it actually recovers the benefits by executing the statutory subrogation lien upon itself and internally transfers the funds. In the present case, by waiving its lien rather than executing on it, Farmers utilized a valid alternative bookkeeping method and is not responsible for attorney fees on that portion of the settlement.

Affirmed.