(41 P.3d 287)

No. 84,511

STEPHANIE SHOCKLEY KNUTH, *Appellant*, v. STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellee*.

—

Opinion filed November 9, 2000.

*Susan R. Schrag*, of Morris, Laing, Evans, Brock & Kennedy, Chtd, of Wichita, for the appellant.

*Larry A. Withers*, of Turner & Boisseau, Chartered, of Wichita, for the appellee.

Before ELLIOTT, P.J., BUCHELE, S.J., and JOHN W. WHITE, District Judge, assigned.

BUCHELE, J.: This case involves an uninsured motorist claim. Stephanie Shockley Knuth settled her claim with the tortfeasor's liability carrier for the $50,000 policy limit, then made a $50,000 claim against her carrier, State Farm Mutual Automobile Insurance Company (State Farm). State Farm denied Knuth's claim. The case proceeded to trial, and the trial court found Knuth's total damages to be $62,785.94 and entered judgment for her in the amount of $12,785.95, which represented the excess over the $50,000 she had collected from the tortfeasor.

Knuth appeals the trial court's refusal to grant her attorney fees under K.S.A. 40-256 against State Farm. She contends State

Farm's refusal to cover her damages was made without just cause or excuse. We disagree and affirm.

The trial court scheduled a hearing on Knuth's motion for attorney fees. In support of the motion, Knuth stated the evidence would show that as of the date of refusal of coverage, State Farm made no investigation of any kind concerning the medical nature of her injuries. Without taking testimony, the court denied Knuth's motion for attorney fees. The court found that attorney fees were not recoverable because the denial of Knuth's claim was not in bad faith. Knuth then made an evidentiary proffer that the State Farm claims superintendent, Kevrick Wilson, would testify that he had not educated himself as to her condition, had not talked to her treating physicians, had not sent her claim out for review, and had not sent her for an independent medical examination. State Farm objected to the proffer on grounds that it was inaccurate and contained argumentative conclusions of counsel. Knuth did not request the court to allow her to call Wilson, who was present at the hearing. The trial court overruled the objection and the proceedings were terminated.

We review the trial court's decision regarding attorney fees based upon the abuse of discretion standard. *DiBassie v. American Standard Ins. Co. of Wisconsin*, 8 Kan. App. 2d 515, Syl. ¶ 8, 661 P.2d 812 (1983).

Whether there was just cause or excuse for an insurance carrier to refuse payment of a claim and, therefore, justification for denial of attorney fees is a matter within the trial court's sound discretion. See *Farm Bureau Mutual Ins. Co. v. Carr*, 215 Kan. 591, 598, 528 P.2d 134 (1974). The issue is primarily one of fact to be determined by the trial court on the basis of the facts and circumstances of each case. 215 Kan. 598-99. Judicial discretion is abused only when the action is arbitrary or unreasonable. See *Saucedo v. Winger*, 252 Kan. 718, 729-31, 850 P.2d 908 (1993).

The judge who ruled on the motion for attorney fees was the same judge who tried the case and awarded Knuth judgment for $62,785.94 and, therefore, was familiar with the facts and circumstances of the accident and Knuth's claim.

In his deposition, Wilson testified that the State Farm claim file included the accident report, photographs of Knuth's vehicle, and Knuth's statements. State Farm, under Wilson's supervision, handled the personal injury protection (PIP) claim. The PIP file contained Knuth's medial records and bills for her injuries to her knee, back, and neck.

State Farm generated a BI index on Knuth's prior claims against insurance companies for her previous and subsequent accidents and injuries. The result showed that Knuth had made a claim for a March 11, 1994, accident in which she injured her back, neck, right knee, and right arm, and a claim made for a January 18, 1997, accident in which she injured her knee when hit by a shopping cart at Sam's Club.

Wilson testified that he had also reviewed Knuth's settlement brochure and the attachments, which included a set of her medical records. These records showed that Knuth had a history of kneecap dislocations going back to the time she was a junior in high school. The records also showed that on July 14, 1995, she had dislocated her kneecap when she hit her knee on a chair.

At the time it denied Knuth's claim for uninsured motorist benefits, State Farm knew that: (1) Knuth had already been paid $50,000 by the tortfeasor's insurance carrier; (2) Knuth had a history of knee problems and there was a factual question whether her current problems were causally connected to the May 26, 1995 accident; (3) the balance of Knuth's claim was to soft tissue injury to her neck and shoulders, which presents a factual question as to the value. State Farm had referred its file to experienced defense counsel for review, who advised that the claim for uninsured motorist benefits should be denied.

An insurance company's denial of liability is not without just cause or excuse where there is a good faith legal or factual controversy. *Davis v. Prudential Prop. & Cas. Ins. Co.*, 985 F. Supp. 1251 (D. Kan. 1997). In this regard, an insurance company has a duty to investigate a matter in good faith. *Koch, Administratrix v. Prudential Ins. Co.*, 205 Kan. 561, 565, 470 P.2d 756 (1970).

Under the facts of this case, it cannot be said that the trial court abused its discretion in denying Knuth's claim for attorney fees.

The record supports the trial court's finding that State Farm made an adequate investigation of Knuth's claim. Although Knuth suggests that State Farm should have expanded the scope of its investigation beyond its claim file in order to conduct a good faith investigation, such was not required because State Farm could adequately investigate the claim based on the file. Moreover, it was not an abuse of the trial court's discretion to determine that State Farm did not deny Knuth's claim in bad faith. There were bona fide questions as to whether Knuth's knee injury was causally related to the May 26, 1995, accident. Moreover, there were also questions as to the nature and extent of her soft tissue injuries and damages, in addition to the monetary value of those claims. The verdict in this case was not significantly greater than the $50,000 that had already been paid. We find that the trial court did not err in denying Knuth's motion for attorney fees.

Affirmed.