(64 P.3d 429)
No. 87,512

MAUREEN MOORE, *Appellant,* v. JUDY A. DUDLEY and FARM BUREAU MUTUAL INSURANCE COMPANY, INC., *Appellees.*

Opinion filed July 19, 2002.

*Ryan Hodge*, of Ray Hodge & Associates, LLC, of Wichita, for the appellant.

*Arthur S. Chalmers*, of Hite, Fanning & Honeyman, L.L.P., for the appellee Farm Bureau Mutual Insurance Company, Inc.

Before PIERRON, P.J., ELLIOTT, J., and PATRICK D. MCANANY, District Judge, assigned.

PIERRON, J.: This case involves the failure of Farm Bureau Mutual Insurance Company, Inc. (Farm Bureau) to pay all of the personal injury protection (PIP) benefits to Maureen Moore following an automobile accident. The trial court ruled that Farm Bureau did not unreasonably refuse to pay PIP benefits and that no attorney fees would be allowed for the judgment recovered. We affirm.

Moore was a passenger in a vehicle when it was rear-ended by a Chevrolet Suburban in 1997. Moore filed a personal injury action against the driver of the Suburban for damages and also against Farm Bureau for PIP benefits arising out of the accident. The trial

court bifurcated Moore's claims for PIP benefits from the rest of the personal injury action. In doing so, Farm Bureau consented to be bound by the jury's verdict as to the amount of past medical bills that were reasonably necessary and arose out of the accident.

In January 2000, Moore's personal injury action was tried to a jury. Judge William Rustin presided over the trial. Liability was admitted and the only issue was Moore's damages. The jury awarded damages to Moore in the amount of $4,000—$1,687.52 for noneconomic damages and $2,312.48 for medical expenses.

Moore filed a motion for attorney fees. She stated that following the accident, she filed for PIP coverage under her insurance policy with Farm Bureau. Farm Bureau paid $723 in PIP benefits toward the chiropractic charges of Moore's treating doctor, Dr. Brad Swanson, and denied the balance of her claims—$1,370.43. Farm Bureau denied the balance of Moore's claims based upon the report of Dr. Dan B. Futch, a chiropractor from Madison, Wisconsin. Dr. Futch opined that Moore sustained only minor and self-limiting injuries from the accident and justified chiropractic treatment for a 4-to 6-week period only. Dr. Futch concluded the medically necessary services totaled $485.

After considering all the evidence, Judge Karl Friedel, who decided the case after Judge Rustin retired, held that Moore was not entitled to attorney fees under K.S.A. 40-3111(b). The court found that Farm Bureau's refusal to pay additional medical expenses after receiving Dr. Futch's correspondence was not without just cause and excuse.

Moore raises two arguments concerning attorney fees under K.S.A. 40-3111(b). She first argues the trial court erred in not automatically awarding attorney fees after the jury found Farm Bureau liable for refusing to pay her medical bills. Similarly, Moore argues the court erred in not awarding attorney fees for Farm Bureau's failure to pay for her treatment by Dr. Abay.

Moore argues this court has a de novo standard of review, but she fails to cite any relevant authority to support her position. The court in *DiBassie v. American Standard Ins. Co. of Wisconsin*, 8 Kan. App. 2d 515, Syl. ¶ 8, 661 P. 2d 812 (1983), directly addressed

the analysis for determining an award or denial of attorney fees under K.S.A. 40-3111(b):

"Whether the refusal of an insurance company to pay is without just cause or excuse under this statute is to be determined on the facts and circumstances of each case. The circumstances confronting the insurer when payment of loss is denied determines the question, and the circumstances are to be judged as they would appear to a reasonably prudent man having a duty to investigate in good faith and to determine the true facts of the controversy. Whether there was just cause to refuse payment, and therefore justification for denial of attorney fees, is in the trial court's sound discretion."

The district court's ability to award attorney fees in a PIP benefits case is governed by K.S.A. 40-3111(b):

"An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal injury protection benefits which are overdue. The attorney's fee shall be a charge against the insurer or self-insurer in addition to the benefits recovered, if the court finds that the insurer or self-insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

In determining whether an insurer or self-insurer should be penalized under K.S.A. 40-3111(b) for withholding PIP benefits, the courts examine whether the refusal was without just cause or excuse similar to cases examining the awarding of attorney fees under the general provisions of the Kansas Insurance Code, K.S.A. 40-256. The court in *Miner v. Farm Bur. Mut. Inc. Co., Inc.*, 17 Kan. App. 2d 598, 620, 841 P.2d 1093 (1992), *rev. denied* 252 Kan.1092 (1993), stated:

"In refusing to pay a claim, an insurance company has a duty to make a good faith investigation of the facts surrounding the claim. *Brown v. Combined Ins. Co. of America*, 226 Kan. 223, 227, 597 P.2d 1080 (1979). If there is a bona fide and reasonable factual ground for contesting the insured's claim, there is no failure to pay without just cause or excuse. *Koch, Administratrix v. Prudential Ins. Co.*, 205 Kan. 561, 565, 470 P.2d 756 (1970). Whether an insurance company's refusal to pay is without just cause or excuse is determined on the facts and circumstances in each case. *Smith v. Blackwell*, 14 Kan. App. 2d 158, 165, 791 P.2d 1343 (1989), *rev. denied* 246 Kan. 769 (1990)."

Whether there has been a delay in payment "without just cause or excuse" to support an award of attorney fees is a matter committed to the trial court's discretion. The issue is primarily one of

fact, to be determined by the trial court on the basis of the facts and circumstances of each case. See *Farm Bureau Mutual Ins. Co. v. Carr*, 215 Kan. 591, 598-99, 528 P.2d 134 (1974); *Knuth v. State Farm Mut. Auto. Ins. Co.*, 30 Kan. App. 2d 184, 41 P.3d 287 (2000). Judicial discretion is abused only when the action is arbitrary or unreasonable. See *Saucedo v. Winger*, 252 Kan. 718, 729-31, 850 P.2d 908 (1993).

The analysis is the same regardless of the language—did Farm Bureau "unreasonably refuse" to pay the PIP benefits or was Farm Bureau's refusal to pay "without just cause or excuse?" Moore contends the issue is whether attorney fees should automatically have been awarded after Farm Bureau was found liable for refusing to pay her medical bills. This is a misstatement of the jury's finding. The jury found Moore had $4,000 in medical bills that were reasonably necessary and arose out of the accident. Moore attempts to convert this finding into a holding that Farm Bureau unreasonably refused to pay her medical bills. It was the trial court's duty, not the jury's responsibility, to determine whether Farm Bureau unreasonably or without just cause or excuse refused to pay the bills.

Moore bases her arguments on *Scott v. State Farm Mut. Auto. Ins. Co.*, 18 Kan. App. 2d 93, 850 P.2d 262 (1992). The problem with Moore's arguments in the present case, as compared to *Scott*, is that the trial court here found that Farm Bureau had reasonable grounds to refuse to pay PIP benefits. Moore wishes us to reverse the court's decision under our abuse of discretion standard of review.

In *Scott*, State Farm argued it had reasonable proof that it was not responsible for Scott's PIP benefits after it had submitted the records of her treatment to Intracorp for review. Intracorp responded to State Farm's request stating that of the $7,832.71 in medical bills incurred by Scott, it recommended payment of only $1,019.40. A doctor from Intracorp testified that the majority of Scott's treatment was unnecessary, the charges for the treatment were excessive, and Scott would not have suffered injuries from the accident of a severity that would necessitate the amount of treatment she received.

Scott responded to State Farm's claims by pointing out that the doctor from Intracorp had never examined her but simply reviewed her records and concluded that her complaints of excruciating pain were untrue. Scott also argued State Farm did not even know the identity of the Intracorp doctor who reviewed the records until after it had denied the claim. After hearing the evidence, the trial court indicated that State Farm had stipulated to the reasonableness of the medical bills, but claimed the treatment was unnecessary based on the Intracorp doctor's reading of the records and without ever examining Scott. The trial court found that Scott had presented unchallenged evidence that the treatments were successful and resulted in a recovery from her pain and discomfort. The trial court concluded that under the facts of the case, it was unreasonable for State Farm to deny its contractual obligation to pay her medical treatment charges.

Moore claims that if the trial court's ruling is upheld here, it will run contrary to the legislature's purpose of allowing attorney fees for these normally small claims of medical expenses. Farm Bureau responds that courts are mindful of the standards for awarding attorney fees, and in cases where a genuine issue is raised in good faith, the insurer should be able to litigate without being subject to paying attorney fees. See *Friedman v. Alliance Ins. Co.*, 240 Kan. 229, 239, 729 P.2d 1160 (1986).

As previously stated, whether Farm Bureau unreasonably refused to pay PIP benefits under K.S.A. 40-3111(b) and Moore is entitled to attorney fees under K.S.A. 40-3111(b) is a decision within the trial court's sound discretion. The trial court stated in its ruling that the jury's finding that the medical expenses incurred by Moore in their entirety were reasonable and necessary is not a determination of whether Farm Bureau had a reasonable basis for refusal to pay. We agree. Just as the trial court was unimpressed with the Intracorp review and the lack of examination by the Intracorp doctors in *Scott*, in the case at bar, the trial court was impressed with Dr. Futch's involvement in the case and his even-handed approach to finding that some, but not all, of Moore's medical expenses were eligible to be reimbursed as PIP benefits. Under

the standard of review utilized by this court, the trial court's denial of attorney fees must stand.

Moore also contends it was unreasonable for Farm Bureau to rely on Dr. Futch's opinion that the consultation by Dr. Abay was unnecessary. Moore's basic argument is that a chiropractor is not qualified to review a neurosurgeon's services.

Dr. Swanson referred Moore to Dr. Abay for a neurosurgical consultation. This consultation was at Moore's request and with Dr. Swanson's agreement. Dr. Futch testified that Dr. Abay's consultation was unnecessary because Moore was not complaining of any symptoms of a neurological injury, such as numbness or weakness of the arms or legs. The trial court found:

"Dr. Abay gave no new treatment and recommended nothing new. He did not disagree with her chiropractor's diagnosis. Under the circumstances, Dr. Futch was not testifying about the procedures or nature of a neurosurgical examination, but rather about whether the referral by a chiropractor to Dr. Abay was necessary. He was qualified to express such an opinion whether the jury accepted or not. He was, in effect, evaluating the necessity of a referral of a fellow chiropractor. The court allowed the jury to consider this opinion at the jury trial in this matter.

"The court heard Dr. Futch's testimony and allowed it to be considered by the jury in the trial against Dudley. The court finds he was qualified to express the opinions offered at the trial and that his testimony provided substantial support for the position the medical bills at issue were not necessary."

Dr. Futch gave his opinion that the consultation by Dr. Abay was unnecessary. He gave no testimony concerning the reasonableness of Dr. Abay's services or fee. Dr. Futch concluded the consultation was unnecessary because Moore did not exhibit any symptoms of neurological injury. Farm Bureau's denial of Dr. Abay's consultation is also supported by Dr. Abay's diagnosis that all testing came back normal, showing no injury to the spinal cord or the neuroforamen, and that the treatment was continued exercise of neck and traction as needed. We agree with the court that Farm Bureau had a reasonable basis for denying payment of Dr. Abay's consultation fee. We find no abuse of discretion in the trial court's denial of attorney fees for Farm Bureau's failure to pay for the consultation by Dr. Abay.

Last, Moore argues the trial court erred in not awarding attorney fees on the money awarded in medical bills by the jury that had been denied by Farm Bureau.

Moore does not address the trial court's ruling on this matter. In the journal entry of judgment, the court set forth that the legal issues between Moore and Farm Bureau were: (1) Is Moore entitled to attorney fees; and (2) does Farm Bureau owe interest or attorney fees under the standards stated in the PIP statutes? The court then held that Moore's contentions in the pretrial order did not contain any allegation that she was entitled attorney fees on the PIP benefits which she contends should have been paid by Farm Bureau. The pretrial order stated that the trial of the case would be limited to the issues in the pretrial order. The court stated in the journal entry of judgment that "[Moore] is not entitled to an attorney's fee on 'funds recovered' because the claim was not made in the Pretrial Order."

K.S.A. 2001 Supp. 60-216(e) provides that a pretrial order controls the future course of the case: "[T]his order shall control the subsequent course of action unless modified by a subsequent order." This statute bestows broad discretionary power upon the trial court in controlling the course of the action. *Boyles v. Harries*, 22 Kan. App. 2d 686, 690, 923 P.2d 504 (1996). The court in *Burkhart v. Philsco Products Co.*, 241 Kan. 562, 565, 738 P.2d 433 (1987), stated that the pretrial conference and order " 'are provided to acquaint each party in advance of trial with the factual contentions of the opposite parties as to matters in dispute. The opportunity for maneuver and surprise during the trial is reduced.' "

We do not find the trial court abused its discretion in denying Moore's claim for attorney fees for the funds recovered, based on her failure to raise the issue at the pretrial hearing or in the resulting order.

Even if the question were addressed on the merits, K.S.A. 40-3113a does not provide the statutory authority for Moore to receive attorney fees in the matter. The court in *Servos v. Corbett*, 26 Kan. App. 2d 385, 386, 987 P.2d 1132 (1999), stated that under K.S.A. 40-3113a, "two things must happen before the attorney fee clause under subsection (e) comes into play: Defendant's insurer must pay duplicative benefits and plaintiff's insurer must exercise its lien. See K.S.A. 40-3113a(b)." Moore's attempts to distinguish *Servos* are not persuasive. Farm Bureau has not asserted its subrogation

right, and thus attorney fees are not available under K.S.A. 40-3113a. Further, the jury's judgment against the driver of the Suburban was not a judgment against Farm Bureau. Farm Bureau was only bound by the amount of medical expenses established by the jury.

We are also not convinced a denial of attorney fees on funds recovered will encourage PIP carriers to not pay medical bills when another party is at fault. As pointed out by Farm Bureau and discussed above, insurers or self-insurers are still liable for interest and attorney fees for PIP benefits where carriers "unreasonably refuse" to pay PIP benefits or they refuse to pay "without just cause or excuse." See K.S.A. 40-3111(b); K.S.A. 40-3113a(b).

Affirmed.